**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

GREGORY T. JACKSON,

           Plaintiff(s),　　　　　　　　**DECISION & ORDER**
    v.　　　　　　　　　　　　　　　　09-CV-6241

SENECA FOODS CORP.,

           Defendant(s).

**Preliminary Statement**

On May 13, 2009, plaintiff commenced the instant action alleging violations of Title VII of the Civil Rights Act of 1964. See Complaint (Docket # 1). In his Complaint, plaintiff alleges, *inter alia*, that he was intentionally discriminated against in the workplace on the basis of his race. Id. Currently pending before the Court is plaintiff's motion to appoint counsel. (Docket # 23).

**Discussion**

With the instant motion to appoint counsel, plaintiff claims that the appointment of counsel is necessary in order to "maintain the legal flow of this civil matter" and because he "need[s] legal expertise to continue with my persuit [sic] of" the instant action. (Docket # 23). For the reasons that follow, plaintiff's motion for appointment of counsel (Docket # 23) is **denied without prejudice to renew.**

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of

counsel is a matter within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations satisfy the initial threshold showing of merit, but I conclude, however, that appointment of counsel is not warranted at this particular time. The factors to be considered in ruling on a motion for the appointment of counsel include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172

(2d Cir. 1989). On the record currently before the Court, plaintiff has not made an adequate showing that all these factors warrant the appointment of counsel.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper, 877 F.2d at 172. The factual circumstances surrounding plaintiff's claims do not appear to be complicated and the issues alleged in the Complaint are not unusually complex. At least at this point in time, Mr. Jackson has shown that he is capable of prosecuting his case, as he has drafted appropriate pleadings, attached relevant documents to his Complaint, has utilized the discovery process and has drafted and served discovery demands (see Docket # 18), and appears equipped to understand the litigation process. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"); see also Ruszkowski v. Kaleida Health Sys., No. 06-CV-715S(F), 2007 WL 4380160, at *2 (W.D.N.Y. Dec. 13, 2007)(Title VII employment discrimination case in which court found "no reason to

3

appoint counsel" because plaintiff had demonstrated that "he is reasonably capable of prosecuting this matter").

Finally, though not entirely clear, it appears that plaintiff believes that a decision was rendered on defendants' motion for summary judgment (Docket # 19). Plaintiff is advised that defendants' motion for summary judgment has not yet been decided and is currently pending before Judge Siragusa. Should Judge Siragusa determine that the appointment of counsel would provide substantial assistance in the development of plaintiff's arguments, or otherwise serve the interests of justice in deciding the pending dispositive motion, he may, of course, revisit the appointment of counsel issue.

## Conclusion

Plaintiff's motion to appoint counsel (Dockets # 23) is **denied without prejudice to renew**.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 30, 2011
Rochester, New York

4